Our second case this morning is the United States v. Benny Butler. Mr. Mohabit, good morning. Good morning, Your Honor. May it please the Court, my name is Amir Mohabit, and I'm representing the appellant, Benny Butler. This appeal raises one issue, and that is whether the district court erred in not adequately accounting for Mr. Butler's background and mitigating circumstances pursuant to 3553A when it fashioned its sentence of 188 months incarceration. I will state that the guideline range was 188 to 235 months, and the sentence was at the low end of the guideline range. I understand that a guideline range sentence is considered to be presumptively reasonable, but presumptions can be rebutted, and we think we have done that here. I will stipulate, as Mr. Butler did, that the offense level is 34. That is not in controversy. Part of how we got there is because of the disturbing nature of the images that gave rise to the superseding information. The sadism depicted, the prepubescent minors depicted, so on and so forth. Also, we do not dispute the sheer quantity of images, but it is that disturbing nature and that quantity that is already baked into offense level 34, and the guideline range that is the starting point that not necessarily needs to be the end point of where the judge ends up when it's time to sentence. We feel that a 96-month sentence would have been the appropriate sentence to achieve the aims of sentencing. Are you arguing procedural irregularity or substantive unreasonableness, or both? More so substantively, Your Honor, more so that. That the sentence is substantively unreasonable? Primarily, that is the argument, Your Honor, yes. Okay, primarily. What is it secondarily? Procedurally, we also don't think the district court articulated how it factored in what the judgment even says on page A-105 of the appendix as being, and I don't want to misquote this, I'm going to pull it up now, the defendant's own history. When you make the argument, the way I read your brief was different. The way I read your brief was procedural, that there was not sufficient consideration given to the mitigation side of your client's case. That's not substantive unreasonableness, that's procedural under the 3553 application. I'm sorry, I misunderstood your question. I was speaking about 96 months when Your Honor asked me the question, so I thought we were talking about ultimately what might be the appropriate sentence. So to clarify my position, yes, procedurally is the focus of this appeal. Don't we have a waiver problem then? I don't think so, Your Honor. The defense was not going to debate the court. That would be poor form and inappropriate. So when the government says in their brief that there's a waiver because we did not ask for further, for the judge to further articulate how it got to its point, I don't think we waived that. I think all the points had been made and were going in circles at that point. My recollection is this hearing at that point was something in the ballpark of an hour and a half long. We'd gone over the points multiple times. Well, then there's no procedural problem if all of the arguments that you raised were addressed. And it would not have been a debate with the court if she had overlooked something to raise it with her. That's the whole point of the end stage question about counsel, have I addressed all of your arguments in mitigation? Judge Wood asked that question. You said yes, you have. Why isn't that a waiver? And Mr. Butler also did, Your Honor. All of that is true. We take the position that it would be more fair not to construe that as being a waiver in light of everything that led up, as I've mentioned, up to that moment, preserving whatever rights we have for appeal and pursuant to the CJA and how Mr. Butler wanted to bring this appeal. But if he has, I mean, the problem with that is the district court afforded you an opportunity to raise something that you believed may have been inadequately considered or insufficiently considered. Put the question right directly to you and said, I think it's all been addressed. So now to come up here and say, well, it wasn't sufficiently addressed. The waiver problem is you never afforded, when given the opportunity, the district court the chance to consider what it is that you believe was insufficiently considered. That's the waiver problem. Well, Your Honor, I think what we have here is a situation also where after this day had passed, Mr. Butler informed, after further consideration, he wanted to appeal because he did not feel these arguments were sufficiently addressed. So in that moment, I took the position of the defense based on what he had represented to the court and to me. And then within those 14 days, he wanted to bring a notice of appeal. So I'm hopeful that Your Honors will consider, maybe as a matter of equity, how waiver is not at issue and allow this to go forward for the substantive reasons I'm also articulating in the briefs. And may I proceed, please? Thank you. What I reference in page A-105 of the appendix is how the court said that the defendant had his own history of victimhood, of extreme sexual, physical, and emotional abuse from when he was a very young child. But if the court is not varying or departing downward from the guideline range when it has found extreme mitigating circumstances, then when will a court ever depart downward or variance downward? And I think there's a policy argument there as well. My feeling is that the judge effectively double counted the severity of the images in coming right back to the guideline range. But the guideline range already accounted for that severity, and that was the starting point. If there are no other questions, I'll reserve my time for rebuttal. That's fine. Thank you. Ms. Chung. Thank you, and good morning, Your Honors, and may it please the court. Ashley Chung on behalf of the United States. The district court's 188-month sentence at the low end of the guidelines – pardon me, I forgot to remove my mask – was both procedurally sound and substantively reasonable. As a threshold matter, as this panel already noted, defendant waived his procedural challenge to the district court's consideration of mitigation arguments. After hearing arguments from both sides, asking questions of the parties, and hearing at length from defendant, the court imposed its sentence, explained its reasoning, and then explicitly asked if the defense was satisfied that the court had addressed its main arguments in mitigation. Defense counsel responded in the affirmative and thanked the court. The defense thus explicitly expressed its satisfaction with the court's explanation and did not point to any mitigating argument that the court had inadequately addressed. That is waiver. Regardless, the 188-month sentence also was both procedurally sound and substantively reasonable. The record on appeal makes clear that the district court specifically probed and considered the defense's mitigation arguments at sentencing. For example, during the defense's presentation on the 3553A factors, the court specifically asked how to balance the various mitigating personal characteristics and history of the defendant with the other 3553A factors, such as the nature of the offense, the need to protect the public, and other aggravating factors in the defendant's background. In explaining its sentence later on, the court again noted the need to safeguard the public on one hand, but also not unnecessarily punish the defendant, whom the court recognized had been a defendant as well. The court specifically accounted for the defendant's sad, horrifying personal history outlined in the pre-sentence investigation report, his history of abuse, difficult family relationships, and his mental and physical health struggles, as well as their attendant challenges. The court also acknowledged the defendant's remorse and regret and the progress that the defendant had made towards understanding how his actions contributed to the victimization of children. The judge then explained, however, that she also had to consider the serious nature of the offense and the harm inflicted upon victims. She also had to consider red flags in the defendant's history, where it appeared that defendant may have taken steps toward potentially acting on his impulses with real children. And she again emphasized the need to protect others from any future crimes of the defendant and to provide effective treatment to this defendant. The sentencing judge had discretion over how much weight to give each of these various factors within the bounds of reason. And she did just that and crafted a sentence at the low end of the guidelines range designed to balance the various aggravating and mitigating factors of this case and this defendant. Though defendant contends in his written submissions that the judge merely said mitigating information was considered, it is clear from the record that the judge provided an explanation of her meaningful consideration of the arguments and a reasoned basis for how she weighted them just as required. And while the defense may now protest that the court should have given his arguments and mitigation more weight, the defendant is not permitted to simply re-argue the 3553A factors on appeal or argue about how they should have been balanced. The government thus respectfully requests that this court affirm the defendant's sentence. Thank you, Your Honors. Good morning again, Your Honors. Does the court have any other questions for me? Apparently not. Thank you. All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement.